This is an application to the court, upon the defendants' affidavit to set aside a verdict which the plaintiff has obtained, and to accord a new trial, upon the ground that injustice has been done the defendants through surprise at the trial.
As the great object of a new trial is the attainment of justice, it rarely happens that courts refuse their interference where it appears necessary to effect that end. And it may be remarked that it as seldom happens the party making an affidavit to obtain a new trial omits any circumstance tending to show he has merits on his side.
In this case it is probable the plaintiff was notified to produce the warrant on the trial, and that the witness Hyman had forgotten it when he gave his evidence. But it does not appear the defendants were deprived of any advantage. If they believed they would be able to justify, if permitted to prove the contents of the warrant, it was in their power to have stated it in their affidavit. If they exceeded their authority, the pretext of acting under the warrant would aggravate the case. And without the court's taking that for granted which does not appear, and which, if true, rests in the knowledge of the defendant, there are no grounds for setting aside the verdict.
Wherefore, let the rule for a new trial be discharged.